# IN THE COURT OF APPEALS OF IOWA

No. 22-0770
Filed May 10, 2023

**STATE OF IOWA,**
      Plaintiff-Appellee,

**vs.**

**MARY ZARWIE,**
      Defendant-Appellant.
_____

Appeal from the Iowa District Court for Polk County, Becky Goettsch, District Associate Judge.

Mary Zarwie appeals her conviction for operating while intoxicated, first offense. **AFFIRMED.**

Austin Jungblut of Parrish Kruidenier Dunn Gentry Brown Bergmann & Messamer L.L.P., Des Moines, for appellant.

Brenna Bird, Attorney General, and Timothy M. Hau, Assistant Attorney General, for appellee.

Considered by Schumacher, P.J., Ahlers, J., and Doyle, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2023).

**DOYLE, Senior Judge.**

Mary Zarwie appeals her conviction for operating while intoxicated (OWI), first offense, in violation of Iowa Code section 321J.2(1)(a) (2021), a serious misdemeanor. She claims there was insufficient evidence to support her conviction. Upon our review, we affirm.

## I. Background Facts and Proceedings

At around 5:00 a.m. on November 27, 2021, Johnston police officer Naidenoff was driving northbound on Merle Hay Road near 62nd Avenue. The officer went to turn right on to 62nd Avenue and saw a car in the wrong lane of traffic traveling westbound in the eastbound lanes of 62nd Ave. The car corrected, and Officer Naidenoff initiated a traffic stop.

During the stop, the officer learned Zarwie was the driver of the vehicle. He observed her watery, bloodshot eyes, and smelled the odor of alcohol and burnt marijuana coming from the car. Zarwie admitted to driving on the wrong side of the road, as well as drinking and smoking marijuana earlier. Based on those admissions and observations, Officer Naidenoff placed Zarwie in his patrol car and called for backup. After Officer Johnston arrived on the scene, Officer Naidenoff asked Zarwie to step out of his vehicle and perform field sobriety tests. To test for alcohol impairment Officer Naidenoff performed a horizontal gaze nystagmus test (HGN), a walk-and-turn test, and a one-leg-stand test. Zarwie showed no nystagmus in the HGN test. The officer noted Zarwie's pupils were dilated. He observed two out of eight clues during the walk-and-turn test and three out of four clues in the one-leg-stand test. Officer Naidenoff believed Zarwie was under the influence of alcohol and marijuana.

Officer Johnston assisted in the traffic stop and performed additional testing on Zarwie to check for impairment from drugs. Officer Johnston is Advanced Roadside Impairment Driving Enforcement (ARIDE) certified, making him qualified to test drug impairment along with alcohol impairment. When Zarwie got out of the patrol car, Officer Johnston observed that she had droopy eyelids—ptosis, a sign of marijuana use. He smelled the odor of burned marijuana coming from her. She appeared unsteady on her feet and had bloodshot, watery eyes. To test for drug impairment, Officer Johnston performed a Modified Romberg test, a lack-of-convergence test, and finger-to-nose test. During those three tests, Officer Johnston saw tremors in Zarwie's hands, legs, and eyes; an oval sway; and a lack of convergence in Zarwie's eyes. He suspected Zarwie was under the influence of marijuana. Zarwie was arrested and taken to the police station. Zarwie refused to submit to any chemical testing.

At trial, the State offered the testimony of both officers along with video footage of the field testing. The jury found Zarwie guilty of operating while intoxicated.

## II. Standard of Review

On appeal, Zarwie challenges the sufficiency of the evidence supporting her conviction. We review the sufficiency-of-the-evidence claims for correction of errors at law. *See State v. Crawford*, 972 N.W.2d 189, 202 (Iowa 2022). In conducting that review, we are highly deferential to the jury's verdict. *Id.* It is the jury's function to weigh the evidence and "place credibility where it belongs." *State v. Shanahan*, 712 N.W.2d 121, 135 (Iowa 2006) (quoting *State v. Blair*, 347 N.W.2d 416, 420 (Iowa 1984). The jury's verdict binds this court if it is supported by

substantial evidence. *State v. Tipton*, 897 N.W.2d 653, 692 (Iowa 2017). Substantial evidence is evidence sufficient to convince a rational trier of fact the defendant is guilty beyond a reasonable doubt. *Id.* We view the evidence in the light most favorable to the State, including all "legitimate inferences and presumptions that may fairly and reasonably be deduced from the record evidence." *Id.* (quoting *State v. Williams*, 695 N.W.2d 23, 37 (Iowa 2005)). The question is whether the evidence supports the finding the jury made, not whether it would support a different finding. *State v. Lacey*, 968 N.W.2d 792, 800 (Iowa 2021).

## III. Discussion

The offense of operating a motor vehicle while intoxicated consists of two elements: (1) the defendant was operating a motor vehicle, (2) and at that time they were "under the influence of an alcoholic beverage or other drug or a combination of such substances." Iowa Code § 321J.2(1)(a). Zarwie does not challenge the first element, but claims there was insufficient evidence to prove she was under the influence of alcohol, drugs, or both at the time she was driving. When determining that Zarwie was under the influence the jury was instructed as follows:

> A person is "under the influence" when, by drinking liquor and/or beer and/or consuming drugs, one or more of the following is true:
> 1. Her reason or mental ability has been affected.
> 2. Her judgment is impaired.
> 3. Her emotions are visibly excited.
> 4. She has, to any extent, lost control of bodily actions or motions.

*See State v. White*, No. 19-0784, 2020 WL 3569581, at *2 (Iowa Ct. App. July 1, 2020). The jury only needed to find one of the above existed to find that Zarwie was under the influence.

Zarwie asserts her case is akin to *State v. Weiland*, No. 10-1873, 2011 WL 5394398 (Iowa Ct. App Nov. 9, 2011). In *Weiland*, a customer at a fast-food restaurant observed Weiland acting intoxicated and reported it to a nearby police station. 2011 WL 5394398, at *1. An officer was dispatched to the restaurant where he observed Weiland getting into his vehicle. *Id.* The officer talked to Weiland but did not see any visible signs of intoxication. *Id.* He told Weiland he was free to go. *Id.* After receiving word that the officer should have questioned Weiland further, the officer followed Weiland's car and stopped him again. *Id.* Weiland was then brought to the station for driving without a license. *Id.* At the station, a different officer observed signs of intoxication and performed sobriety tests. *Id.* During the sobriety tests, the officers observed leg tremors and eyelid tremors, and Weiland had trouble following the instructions for the walk and turn test. *Id.* at *2. On appeal, the State essentially conceded the first three elements of "under the influence" were not present and focused instead on the fourth element: whether the defendant "has, to any extent, lost control of bodily actions or motions." *Id.* at *2. This court reversed the conviction because the State's evidence in support of the "under the influence" element was not substantial since the signs of intoxication observed at the police station were not tied to Weiland's operation of a motor vehicle. *Id.* at *4.

In contrast, Zarwie's intoxication was directly tied to her operation of a motor vehicle. Zarwie was pulled over for driving in the wrong lane of traffic, establishing

impaired judgement and that her reason or mental ability was affected. During the field sobriety tests, she had leg and eye tremors along with swaying, showing she had lost control of bodily actions or motions. Zarwie refused to submit for chemical testing. Evidence of chemical testing is not a prerequisite for a conviction under section 321J.2(1)(a). *State v. Orr*, No. 05-1864, 2006 WL 2419198, at *2 (Iowa Ct. App. Aug. 23, 2006) ("A person may be found guilty under section 321J.2(1)(a) in the absence of admissible evidence from chemical tests."). And a refusal to submit to testing can be used by the factfinder as evidence of guilt. *See* Iowa Code § 321J.16; *see also State v. Kilby*, 961 N.W.2d 374, 375 (Iowa 2021); *State v. Walter*, No. 21-0446, 2022 WL 610571, at *4 (Iowa Ct. App. Mar. 2, 2022).

Officer Johnston is ARIDE certified and has performed forty-two OWI arrests as a Johnston police officer. In his experience as a police officer, he has had occasion to come into contact with people intoxicated by alcohol or drugs around seventy times. Officer Naidenoff has performed around two hundred traffic stops where intoxication was an issue, made twenty-eight OWI arrests, and assisted officers in others. Based on their training and interactions with Zarwie, the officers determined she was intoxicated by both alcohol and marijuana. *See State v. Sanchez-Casco*, No. 17-1833, 2018 WL 6132282, at *4 (Iowa Ct. App Nov. 21, 2018) (holding in part that the jury could determine the defendant was under the influence based on the officer's training and experience, the video footage, and the defendant's refusal to submit to any form of chemical testing); *State v. Blake*, No. 15-1771, 2016 WL 4384253, at *2 (Iowa Ct. App. Aug. 17, 2016) ("The court may also consider an officer's opinion regarding another person's sobriety."). The body camera footage from that night corroborates the

officers' accounts of Zarwie's actions and supports their professional opinion that she was under the influence. *See State v. Derby*, No. 16-0844, 2017 WL 1735685, at *4 (Iowa Ct. App. May 3, 2017). In addition, Zarwie admitted to drinking alcohol and smoking marijuana. *See State v. Newton*, 929 N.W.2d 250, 255 (Iowa 2019) ("It is common knowledge that the consumption of alcohol and other drugs can impair the ability to safely operate a motor vehicle.").

## IV. Conclusion

Viewing the evidence in a light most favorable to the verdict, substantial evidence supports the jury's finding of guilt. Accordingly, we affirm.

**AFFIRMED.**